## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

_____
                                                 :
**SECURITIES AND EXCHANGE**                      :
**COMMISSION,**                                  :
                                                 :      **CASE NO.:**
          **Plaintiff,**                         :
                                                 :
     **v.**                                      :
                                                 :
**CHARLES BAUGH,**                               :
                                                 :
          **Defendant.**                         :
_____          :

## <u>COMPLAINT</u>

Plaintiff Securities and Exchange Commission ("Commission") alleges:

### I.   <u>INTRODUCTION</u>

1.      This case involves unlawful insider trading by Defendant Charles Baugh ("Baugh" or "Defendant") in the securities of ADT, Inc. ("ADT"), a publicly traded company that provides residential and small business electronic security and alarm monitoring services throughout the United States. On August 3, 2020, ADT announced that it had entered into a long-term partnership with Google LLC ("Google") to create the next generation of smart home security services (the "Announcement"). Prior to the Announcement, Baugh misappropriated material, non-public information regarding the Announcement from a family member, a senior employee at ADT, with whom he shared a long relationship of trust and confidence.

2.      In breach of his duty of trust and confidence to his family member, Baugh misused this material, non-public information to purchase $66,000 worth of ADT call options using five different online brokerage accounts.  After the Announcement, Baugh sold all of his ADT call options at a profit of $320,908, earning over a 600% return.

3.      In addition, Defendant also told a relative to purchase ADT options, resulting in a profit to this other relative of $76,376.

4.      By engaging in the conduct alleged in this Complaint, Baugh violated and, unless enjoined will continue to violate, Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5]. Accordingly, the Commission seeks a permanent injunction against Baugh, and an order directing him to disgorge his illicit profits, with prejudgment interest thereon, and to pay a civil penalty.

## II.  JURISDICTION AND VENUE

5.      This Court has jurisdiction over this action pursuant to Sections 21(d), 21(e), 21A and 27 of the Exchange Act [15 U.S.C. §§ 78u(d), 78u(e), 78u-1 and 78aa].

6.      This Court has personal jurisdiction over the Defendant and venue is proper in the Southern District of Florida because the Defendant engaged in acts, transactions, practices, and courses of conduct in this District constituting violations of the Exchange Act. In addition, the Defendant resides in this District.

7.      In connection with the conduct alleged in this Complaint, the Defendant, directly and indirectly, made use of the means and instrumentalities of interstate commerce, the means and instruments of transportation and communication in interstate commerce, and the mails.

## III.  DEFENDANT AND RELEVANT ENTITY

### A.  Defendant

8.      Baugh, age 58, is a United States citizen and a resident of Boca Raton, Florida.

### B.  Relevant Entity

9.      ADT is a company that provides residential and small business electronic security, fire protection, and other related alarm monitoring services throughout the United

States.  ADT is incorporated in Delaware and headquartered in Boca Raton, Florida. ADT's common stock was registered with the Commission pursuant to Section 12(b) of the Exchange Act [15 U.S.C. § 78*l*(b)]. ADT shares are listed on the New York Stock Exchange under the symbol "ADT." ADT's options are listed on the Chicago Board of Options Exchange, NYSE Arca, Intercontinental Exchange, and the Philadelphia Stock Exchange.

## IV.  FACTUAL ALLEGATIONS

### A.  ADT Negotiations with Google and the August 3, 2020 Announcement

10.    ADT and Google started discussing a possible partnership in 2019, in order to leverage Google's award-winning Nest home security hardware with ADT's security installation and monitoring services.  The two companies held several preliminary meetings throughout that year until early 2020, when discussions advanced to Google making a substantial equity investment in ADT.

11.    In early February 2020, ADT's board discussed the proposed investment by Google and, on February 25, ADT and Google executed a non-disclosure agreement concerning the proposed partnership and Google investment. Beginning in May 2020, Google and its advisors conducted due diligence of ADT. By mid-July in 2020, Google presented an agreement and a proposed equity investment in ADT to its board. The parties continued negotiations and during the last few days of July 2020, ADT and Google finalized the partnership agreement and investment terms.

12.    On August 3, 2020, prior to the opening of trading on the stock market, ADT announced that it was entering into a long-term partnership agreement with Google "to create the next generation of smart security home offerings."[1] The news release stated that Google was

---

[1] News Release available at ADT and Google Partner To Create Leading Smart Home Security Offering - ADT (last visited May 8, 2024).

investing $450 million to acquire 6.6% ownership in ADT, and that each company would commit $150 million for co-marketing, product development, technology and employee training. ADT's news release explained that "[t]he partnership will combine Nest's award-winning hardware and services, powered by Google's machine learning technology, with ADT's installation, service and professional monitoring network to create a more helpful smart home and integrated experience for customers across the United States."

13.     On the last day of trading before the Announcement, ADT's stock closed at $8.61 per share.  On August 3, 2020, the day of the Announcement, ADT's stock price closed at $13.48 per share.

### B.  Baugh Obtains Material, Non-Public Information About the Announcement

14.     Baugh's family member was employed at ADT as a senior employee since before 2019. The family member learned about the negotiations between ADT and Google in or around May 2020, when he was asked to sign a non-disclosure agreement and, thereafter, learned about possible equipment changes due to the potential partnership with Google.

15.     Baugh and his family member shared a close familial relationship. The two frequently visited each other's home, often spent time together and celebrated holidays together. The family member often consulted Baugh, whom he considered a close confidant, on life decisions and general financial advice. The two regularly confided in each other concerning personal issues, often discussing matters that they would not share with other members of the family.

16.     During a Fourth of July family gathering in 2020, Baugh learned material, non-public information regarding the possible partnership between ADT and Google through his family member. In a private conversation between Baugh and his family member, Baugh

inquired about the family member's work at ADT. The family member confided to Baugh that Google was exploring making an investment in ADT, and the family member shared his personal excitement about the potential partnership between the two companies.

17.     Because of their close family relationship and history of sharing personal confidences, Baugh's family member had an expectation of trust and confidence that the information he shared with Baugh about Google's interest in ADT would be kept confidential.

18.     Given his family member's senior role at ADT, Baugh knew, or was reckless in not knowing, that the information regarding the potential partnership between ADT and Google, and Google's investment in ADT, was material, non-public information that Baugh had a duty to keep confidential.

### C.  Baugh's Trading on the Basis of Material, Non-public Information

19.      On July 6, 2020, when the market reopened after the Independence Day holiday weekend, Baugh began to make purchases of ADT call options without his family member's knowledge.  Over the course of several days in July 2020, Baugh placed separate orders to buy ADT call options[2] in five different online brokerage accounts, at a total cost of approximately $66,000. Before these transactions, while Baugh had experience trading securities and options, Baugh had at least no recent history of trading ADT stock or ADT options.

20.     Immediately after the Announcement on August 3, 2020, Baugh began selling his ADT call positions.  He sold all his ADT call positions by August 4, 2020, for a realized profit of $320,908 – nearly a 500% return on his $66,000 investment.

---

[2] A stock option is an equity derivative, specifically, a financial contract that gives an investor the right – but not the obligation – to buy or sell a stock at an agreed upon price and date.  Call options give the buyer the right to purchase a stock, bond, or other asset as a specified price within a specific period.  Each call option typically provides the holder with the right to purchase 100 shares of the underlying stock at the stated price, which is typically a small premium in relation to the price of the underlying stock. A call buyer profits when the underlying stock increases in price, such as when positive company news is released.

21.     Baugh also persuaded a relative to purchase ADT options.  This other relative was also an options trader and had a history of taking investment advice from Baugh.  This relative often traded in a similar pattern as Baugh, except in smaller amounts. Baugh did not disclose to this relative material, non-public information, but rather, simply told this relative that he was purchasing ADT call options.

22.     Upon Baugh's recommendation, commencing on July 15, 2020, Baugh's relative also purchased ADT call options and continued to do so in multiple accounts throughout July 2020, totaling approximately $14,000.  This relative also purchased approximately $8,000 worth of ADT common stock. After the Announcement, the relative began to sell his ADT call positions and stock, completing his sales by August 31, 2020.  The relative realized profits of $76,376 from the sale of his ADT securities.

23.     Baugh did not inform his family member about any of the ADT options purchases he made for himself, nor did he inform his family member that he told another relative to purchase ADT options in advance of the Announcement.

24.     The aggregate amount of illicit profits from the trades Baugh placed or persuaded others to place was $397,284.

### V.  CLAIM FOR RELIEF

#### Violation of Section 10(b) of the Exchange Act and Rule 10b-5 Thereunder
#### (Insider Trading)

25.     The Commission repeats and realleges Paragraphs 1 through 24 of this Complaint as if fully set forth herein.

26.     From at least July 2020 to at least September 2020, by engaging in the acts and conduct alleged herein, Baugh, directly or indirectly, in connection with the purchase or sale of

securities, and by use of the means or instrumentalities of interstate commerce, or of the mails, or a facility of a national securities exchange, has knowingly or recklessly:

    a.   employed devices, schemes, or artifices to defraud; and/or

    b.   made an untrue statement of material fact, or omitted to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and/or

    c.   engaged in acts, practices, or courses of business which operated or would operate as a fraud or deceit upon any person.

27.    By reason of the foregoing, Baugh violated, and unless enjoined, is reasonably likely to continue to violate, Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)], and Exchange Act Rule 10b-5 [17 C.F.R. § 240.10b-5].

## VI.  <u>RELIEF REQUESTED</u>

**WHEREFORE**, the Commission respectfully requests that the Court:

### A.  <u>Permanent Injunctive Relief</u>

Issue a Permanent Injunction, restraining and enjoining the Defendant, his agents, servants, employees, attorneys, and representatives, and all persons in active concert or participation with him, and each of them, from violating Section 10(b) of the Exchange Act, [15 U.S.C. § 78j(b)] and Exchange Act Rule 10b-5 [17 C.F.R. § 240.10b-5].

### B.  <u>Disgorgement and Prejudgment Interest Thereon</u>

Issue an Order directing the Defendant to disgorge all ill-gotten gains, with prejudgment interest, received as a result of the acts and/or courses of conduct complained of herein.

### C.  **Civil Money Penalty**

Issue an Order directing the Defendant to pay a civil money penalty pursuant to Section

21A of the Exchange Act, [15 U.S.C. §§ 78u(d) and 78u-1].

### D.  **Retention of Jurisdiction**

The Commission respectfully requests the Court retain jurisdiction over this action in

order to implement and carry out the terms of all orders and decrees that may hereby be entered,

or to entertain any suitable application or motion by the Commission for additional relief within

the jurisdiction of this Court.

### E.  **Further Relief**

Grant such other and further relief as this Court may deem just, equitable, or necessary.

Dated:  July 30, 2024                    Respectfully submitted,

By:    Teresa J. Verges
       **Teresa J. Verges, Esq.**
       Florida Bar No. 997651

       Attorney for Plaintiff
       **U.S. Securities and Exchange Commission**
       801 Brickell Avenue, Suite 1950
       Miami, Florida 33131
       Direct Dial: (305) 982-6376
       Facsimile: (305) 536-4154
       E-mail: vergest@sec.gov